FILED
United States Court of Appeals
Tenth Circuit

April 29, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

SYDNEY STONE,

        Plaintiff - Appellant,

    v.

GERALD WHITMAN, in his official capacity; JOHN HICKENLOOPER, in his official capacity; THE CITY AND COUNTY OF DENVER,

        Defendants - Appellees.

No. 08-1367
(D. Ct. No. 07-CV-01611-WDM-KMT)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Sydney S. Stone appeals the dismissal of her 42 U.S.C. § 1983 claim as untimely. We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

In March 1996, Spencer Breeden committed suicide. The Denver Police Department investigated the death prior to determining that it was a suicide. As part of that investigation, the police seized three guns from Mr. Breeden's home: a Sig Sauer, a Beretta, and a Colt. The police also seized a handwritten will naming Ms. Stone as sole beneficiary to Mr. Breeden's estate. The investigation was closed on May 8, 1996.

Ms. Stone filed an action in small claims court against the City and County of Denver in June 2006. She sought damages because the guns had either been destroyed or given to another person. Court documents from that action reveal the following: Ms. Stone knew about the will and the seizure of the guns at the time of the police investigation, but she did not try to retrieve the guns when the investigation ended. Later, in May 2000, Ms. Stone was named co-representative of Mr. Breeden's estate, but again, she took no action regarding the guns. In June 2005, Ms. Stone was named sole representative of the estate. Thereafter, she contacted the Denver Police Department seeking information about the guns. On July 21, 2005, she learned that the Beretta and the Colt had been destroyed pursuant to departmental policy two years earlier. She also learned at some point before January 2006 that the Sig Sauer had been released to another individual claiming to be its owner. Her suit in small claims court was ultimately dismissed.

Ms. Stone, proceeding pro se, filed a defective complaint in this action on July 31, 2007. She was permitted to file another complaint on August 24, 2007. Her complaint

alleges that she was deprived of property without due process and without just compensation. The district court concluded that the complaint was barred by the two-year statute of limitations and granted the defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6). Ms. Stone, continuing to act pro se, appeals.

## II. DISCUSSION

The district court determined that a two-year statute of limitations applies to Ms. Stone's claims, and it "begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004). The district court further noted that a plaintiff "must use reasonable diligence in seeking to discover facts giving rise to a claim for relief." *Id.* The court held that Ms. Stone's injury arose in 1996, when the firearms were not returned to Mr. Breeden's estate after the close of the police's investigation, but that the statute of limitations was tolled until May 2000 when Ms. Stone become co-representative of Mr. Breeden's estate and thus had the ability to make a claim on behalf of the estate. Because her suit was filed more than two years later, her claims were barred.

In the alternative, the court determined that even if her injury could be characterized as the destruction and/or release of the guns, she failed to exercise reasonable diligence in discovering the facts concerning the status of the property. Specifically, the court reasoned that, as co-representative of the estate, Ms. Stone could have inquired about the guns as early as May 2000.

On appeal, Ms. Stone does not disagree that the statute of limitations is two years or that it runs when a plaintiff reasonably should have discovered her injury, so we will likewise assume that to be the case. Instead, Ms. Stone makes the following arguments, none of which we find meritorious. First, Ms. Stone maintains that the district court should have permitted discovery before dismissing her claim. The district court, however, did not convert the motion to dismiss to a motion for summary judgment; rather, it simply took judicial notice of records from the proceedings in small claims court. *See Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006) (court may take judicial notice of facts that are a matter of public record). In such an instance, discovery is not mandated. *See id.* ("[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment."). Moreover, the court relied on Ms. Stone's own testimony and pleadings from the prior proceeding to support its dismissal order. Thus, we fail to see how discovery might have been helpful to Ms. Stone's position.

Ms. Stone also disagrees that she did not have the authority in 2000, as co-representative of Mr. Breeden's estate, to make a claim on behalf of the estate. She emphasizes that she could act only when the other co-representative agreed with her. Although this is true, Ms. Stone ignores the fact that the order appointing her co-representative provided for court intervention to resolve disputes between the two representatives. Thus, Ms. Stone could have petitioned the court to allow her to make a claim on behalf of the estate. Moreover, the district court did not conclude that Ms.

Stone's § 1983 claim was untimely because she <u>actually</u> failed to retrieve the guns; rather, the court noted that Ms. Stone had not been <u>reasonably diligent in attempting</u> to retrieve them. Petitioning the court to make a claim on behalf of Mr. Breeden's estate, even if ultimately unsuccessful, would have satisfied this legal prerequisite.

Finally, Ms. Stone suggests that there is nothing in the record that indicates the Sig Sauer was actually released to another individual, or that if it was, the record does not demonstrate that the individual is actually the firearm's registered owner. Our review of the record, however, is to the contrary. Testimony from the small claims court proceeding shows that Ms. Stone presented an exhibit from the defendants regarding the release of the Sig. Even if this was not the case, Ms. Stone does not explain how this fact renders her § 1983 claim timely.

## III. CONCLUSION

The judgment of the district court is AFFIRMED. The motion to proceed in forma pauperis is DENIED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge